IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
CELERINA SANCHEZ, et al.,     )    Civil No.04-611
                              )
            Plaintiffs,       )
                              )
       v.                     )    FINDINGS AND
                              )    RECOMMENDATION
PRAKOPIY CAM,                 )
                              )
                              )
            Defendant.        )
_____)
```

Julie Samples
Oregon Law Center
230 West Hayes Street
Woodburn, OR 97071

Sarah Lora
Legal Aid Services of Oregon
397 North First Street
Woodburn, OR 97071
    Attorney for Plaintiffs

Prakopiy Cam
5760 South Anderson Road
Aurora, OR 97002
    Defendant Pro Se

FINDINGS & RECOMMENDATION - 1

JELDERKS, Magistrate Judge:

Plaintiffs, who are farm workers, bring this action against defendant Prakopiy Cam, claiming violations of the Migrant and Seasonal Agricultural Worker Protection Act (AWPA), 29 U.S.C. §§ 1801-1872; the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219; and Oregon wage statutes. Defendant has not paid plaintiffs for picking strawberries on June 8, 2003.

Plaintiffs move for partial summary judgment.[1] I recommend granting plaintiffs' motion for partial summary judgment on liability, except as to plaintiffs Benito Arzola and Rosalia Toledano.

**BACKGROUND**

Ten of the eleven plaintiffs are "migrant agricultural workers." 29 U.S.C. § 1802(8)(A).[2] Defendant is an agricultural employer. 29 U.S.C. § 1802(2).

Defendant operated a farming business growing strawberries, boysenberries, and blackberries. In June 2003, through an agent named Ezequiel Salazar, defendant hired plaintiffs to harvest strawberries for him on June 8, 2003. Defendant states that he has no records indicating that

---

[1]Because defendant is representing himself, this court issued an order explaining summary judgment procedures.

[2]"[T]he term 'migrant agricultural worker' means an individual who is employed in agricultural employment of a seasonal or other temporary nature, and who is required to be absent overnight from his permanent place of residence." Plaintiff Celerina Sanchez, who is a resident of Oregon, is not a migrant agricultural worker for purposes of this action.

FINDINGS AND RECOMMENDATION - 2

plaintiffs Benito Arzola or Rosalia Toledano worked for him that day. Deft.'s Resp. to Pltfs.' Concise Stmt. of Facts (Deft.'s Resp.) at ¶ 3 (no page numbers). I accept defendant's statement for purposes of this motion, and therefore recommend denying plaintiffs' motion as to Benito Arzola and Rosalia Toledano.

Defendant did not give plaintiffs anything in writing explaining the terms of employment, such as the period of employment, rate of pay, or the availability of workers' compensation benefits or unemployment insurance. Defendant discussed the terms of employment with Salazar, but did not put anything in writing. Defendant states that he posted information about the terms of employment on signs "displayed throughout the [strawberry] field." Deft.'s Decl. at ¶ 6 (no page numbers). Defendant states that Salazar orally explained the terms of employment to plaintiffs before plaintiffs started working. According to defendant, plaintiffs worked from 6:00 a.m. to about noon. For purposes of this motion, plaintiffs accept defendant's calculation of hours worked.

Defendant has not paid plaintiffs for their work on June 8, 2003. Defendant states that he did not pay plaintiffs in 2003 because of plaintiffs' "failure to arrive to collect payments." Deft.'s Resp. at ¶ 8. Defendant states that June 8, 2003 was a Sunday, so he was unable to pay plaintiffs because banks were closed. Defendant states that he had

FINDINGS AND RECOMMENDATION - 3

difficulty locating plaintiffs because they had not turned in employee applications. Defendant states that when he did obtain a phone number for plaintiffs, he was told that plaintiffs had not tried to collect their wages because of car trouble.

By letter dated August 21, 2003, Julia Samples, an attorney for plaintiffs, notified defendant that plaintiffs sought unpaid wages for each plaintiff for work performed on June 8, 2003. Samples wrote that each plaintiff demanded an additional amount (about $50 per plaintiff) in penalties. Plaintiffs have continued to demand payment from defendant.

Defendant has not paid plaintiffs. Defendant testified at his deposition that the only reason he had not paid plaintiffs was "because they won't waive the [statutory] penalties." Pltfs.' Ex. A, at 22.

## STANDARDS

The court must grant summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc.

FINDINGS AND RECOMMENDATION - 4

v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). The court should resolve reasonable doubts about the existence of an issue of material fact against the moving party. Id. at 631. The court should view inferences drawn from the facts in the light most favorable to the nonmoving party. Id. at 630-31.

**DISCUSSION**

Plaintiffs seek summary judgment on liability for six claims:

(1) violations of 29 U.S.C. § 1821(a) for failing to provide proper written disclosures of the terms of employment (all plaintiffs except for Celerina Sanchez);

(2) violations of 29 U.S.C. §§ 1821(d)(2) and 1831(c)(2), for failing to provide adequate wage statements;

(3) violations of 29 U.S.C. §§ 1822(a) and 1832(a), and 29 C.F.R. § 500.81, for failing to pay wages when due;

(4) violations of 29 U.S.C. § 206(a), for failing to pay the federal minimum wage;

(5) violations of Or. Rev. Stat. § 653.025, for failing to pay the Oregon minimum wage; and

(6) violations of Or. Rev. Stat. § 652.145, for failing to pay all wages due on termination of employment.

Defendant contends that some of the plaintiffs are not United States citizens. I agree with plaintiffs, however, that their immigration status is not relevant to claims for work already performed. See, e.g., Zeng Liu v. Donna Karan Int'l, 207 F. Supp. 2d 191, 192-93 (S.D.N.Y. 2002) (plaintiffs' immigration status not relevant to claims under the Fair Labor Standards Act); Martinez v. Mecca Farms, Inc.,

FINDINGS AND RECOMMENDATION - 5

213 F.R.D. 601, 604 (S.D. Fla. 2002) (immigration status not relevant to claims under the Agricultural Worker Protection Act claims).

## I. Failure to Adequately Disclose Terms of Employment

As an agricultural employer, defendant was required to "ascertain and disclose in writing to each worker who is recruited for employment" specific information about the terms of employment, including place of employment, wage rates, period of employment, and provision of workers' compensation insurance, if any. 29 U.S.C. § 1821(a). Defendant contends that he complied with § 1821(a) by posting informational signs in the field. Posting signs in the field might comply with § 1821(b), which requires that agricultural employers "post in a conspicuous place" a poster concerning workers' rights. However, § 1821(a) imposes a separate duty on employers, granting "each and every worker an independent and individual right to receive a written ratification of all of the material terms and conditions of employment and to be intelligibly and comprehensively appraised of his or her prospective working arrangements." Villalobos v. North Carolina Growers Ass'n, 252 F. Supp. 2d 1, 9 (D. Puerto Rico 2002); Bueno v. Mattner, 829 F.2d 1380, 1384 (6th Cir. 1987).

Defendant admits that he did not give plaintiffs a written statement containing the specified information. Defendant contends that even if he violated a statutory

FINDINGS AND RECOMMENDATION - 6

requirement that each worker receive an individual notice, he did not do so intentionally. In this context, however, "'intentional' means conscious or deliberate." Estevez v. Hayes, Civ. No. 89-800-PA, 1990 WL 605076, at *3 (D. Or. Nov. 9, 1990). A plaintiff may establish that a defendant acted intentionally without showing that the defendant had a specific intent to violate the statute. Beuno, 829 F.2d at 1385; Alvarez v. Longboy, 697 F.2d 1333, 1338 (9th Cir. 1983) (interpreting predecessor statute). Here, plaintiffs have shown that defendant acted intentionally in failing to provide plaintiffs with individual written notification setting out the terms of employment. I recommend granting plaintiffs' motion for summary judgment as to their claim under § 1821(a).

## II. Failure to Provide Adequate Written Wage Statements

Plaintiffs claim that defendant failed to provide them with statutorily required wage statements, which must state the number of hours worked, the piece rate, and the number of piece-rate units earned. 29 U.S.C. § 1821(d)(2). Defendant did not provide plaintiffs with wage statements, so he did not comply with the statutory requirements. I recommend granting plaintiff's motion for summary judgment as to this claim.

## III. Failure to Pay Wages When Due

Defendant has not paid plaintiffs for work performed on June 8, 2003. Defendant states that he did not pay plaintiffs initially because he had difficulty contacting them, and that

he has since refused to pay plaintiffs because they retained counsel and sought statutory penalties.

Defendant was required to pay plaintiffs wages when due. 29 U.S.C. §§ 1822(a) & 1832(a); 29 C.F.R. § 500.81. Plaintiffs are entitled to summary judgment on this claim. Defendant's explanation of his failure to pay wages may be relevant to the amount of damages and possible penalties, but not to liability. See Cardenas v. Benter Farms, Civ. No. IP 98-1067-C T/G, 2000 WL 1372848, at *12 (S.D. Ind. Sept. 19, 2000) (defendant employers were liable for failing to pay FICA taxes; their subsequent payment of taxes "rather than absolving [defendants] of liability, is a factor to be considered by the court in determining . . . damages"). I recommend granting plaintiffs' motion for summary judgment as to this claim.

**IV. Failure to Pay Federal Minimum Wage**

Defendant failed to pay plaintiffs any wages, so he has violated the FLSA requirement that employees receive a minimum wage for each hour worked. 29 U.S.C. § 206(a). I recommend granting summary judgment as to this claim on liability. The amount of damages will be determined at trial.

**V. Failure to Pay Oregon Minimum Wage**

As of June 2003, Oregon required that employers pay employees at least $6.90 per hour. Or. Rev. Stat. § 653.025(1)(d). I agree with plaintiffs that defendant is

liable for unpaid minimum wages due, and I recommend granting summary judgment as to this claim.

**VI. Failure to Pay Wages When Due (Oregon law)**

Under Oregon law, employers who willfully fail to pay wages when due are liable for penalty wages. Or. Rev. Stat. § 652.150. It is undisputed that defendant has failed to pay plaintiffs. The only question is whether defendant acted willfully.

A person acts "willfully" if "the person knows what he is doing, intends to do what he is doing and is a free agent." Sabin v. Willamette-Western Corp., 276 Or. 1083, 1093, 557 P.2d 1344, 1349 (1976) (citations and quotation marks omitted). Here, defendant states that after receiving plaintiffs' written demands for wages due, he refused to pay because plaintiffs would not waive statutory penalties. Defendant's failure to pay wages was willful under Oregon law. See Davis v. Maxima Integrated Products, 57 F. Supp. 2d 1056, 1058-59 & n.1 (D. Or. 1999) (applying Oregon law on willfulness). I recommend granting summary judgment as to this claim.

## CONCLUSION

Plaintiffs' motion for partial summary judgment (#20-1) should be granted as to liability, except as to plaintiffs Benito Arzola and Rosalia Toledano.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due August 2, 2005. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 15th day of July, 2005.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge